Opinion
MARGOLIS, P. J.
Defendant’s sole contention on appeal is that the trial court erred by admitting into evidence a California law enforcement teletype record which detailed defendant’s prior convictions for driving while under the influence of alcohol. The admission of this document, defendant contends, was barred by Vehicle Code section 23200. We disagree.
While section 23200 indicates that the court shall obtain a person’s driving record from the Department of Motor Vehicles to determine if that person has a prior conviction or prior convictions for driving under the influence of alcohol or drugs, it also states that “the court ... may obtain any records from ... any other source to determine [prior] violations____” (Veh. Code, § 23200, subd. (b).)
Defendant’s contention that the trial court was required to obtain defendant’s driving record directly from the Department of Motor Vehicles is an attempt by defendant to benefit from a statute that is designed to protect the people of the State of California from the consequences of the drinking driver, rather than benefit those individuals, like defendant, who have suffered prior convictions of driving under the influence of alcohol. (See People v. Woodward (1983) 143 Cal.App.3d Supp. 1, 5 [192 Cal.Rptr. 229].)
Further, defendant has shown no prejudice by the admission of the document in issue. Once admitted, defendant did not attack the information *Supp. 13 contained in the record, as was his right if it contained erroneous information. (See Evid. Code, § 1500.5.)
The trial court did not err in admitting the California law enforcement teletype record. (Cal. Const., art. I, § 28, subd. (d); see also Evid. Code, § 1280.)
The judgment is affirmed.
Newman, J., and Woods, J., concurred.
A petition for a rehearing was denied February 18, 1988.